Rutgers Cas. Ins. Co. v USA Veterans Constr. Corp. (2022 NY Slip Op 03700)

Rutgers Cas. Ins. Co. v USA Veterans Constr. Corp.

2022 NY Slip Op 03700

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 31904/18E Appeal No. 16083 Case No. 2021-03393 

[*1]Rutgers Casualty Insurance Company, Plaintiff-Appellant,
v
USA Veterans Construction Corp., Defendant-Respondent, Kevin Smith, et al., Defendants.

Miranda Slone Sklarin Verveniotis, LLP, Mineola (Steven Verveniotis of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella PLLC, Mineola (Anthony J. Abruscati of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 8, 2021, which denied, with leave to renew upon the completion of discovery, plaintiff's motion for summary judgment declaring that it had no obligation to defend or indemnify defendant USA Veterans Construction Corp. (USA) in an underlying personal injury action and rescinding certain insurance policies, unanimously affirmed, with costs.
Plaintiff Rutgers Casualty Insurance Company (Rutgers) commenced this action seeking, among other thing, a declaratory judgment as to whether defendant USA is entitled to coverage under its umbrella, general liability policy with Rutgers, for an incident in the underlying action where the plaintiff was struck by a lull forklift being operated by USA while engaging in light gauge metal framing. Rutgers alleges, inter alia, that to the extent the underlying claims arose from assault and battery they were excluded and USA was not engaged in "Carpentry & Drywall" work at the time of the incident, as contemplated by the policy. Rutgers also seeks to rescind the umbrella policy for the period in question and a subsequent umbrella policy as void ab initio, alleging that USA misrepresented the nature of its work and the number of employees in its insurance policy application.
Rutgers failed to establish prima facie that it was not obligated to defend or indemnify USA on the ground that the work that gave rise to the underlying action exceeded the classifications of work covered by its general liability policy; the relevant classification was undefined, and discovery is necessary to ascertain its scope and meaning. Rutgers also failed to establish prima facie that the assault and battery exclusion was applicable (see Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]; Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218 [2002]). While the exclusion, by its plain language, applied to claims based on assault and battery, the underlying claim was based on negligence, and there are no allegations of assault.
Rutgers failed to establish prima facie that recission of the umbrella policies was warranted, as it did not demonstrate that USA made material misrepresentations on its insurance applications, which would render the policies void ab initio (see Insurance Law § 3105; Starr Indem. & Liab. Co. v Monte Carlo, LLC,190 AD3d 441, 441-442 [1st Dept 2021], lv dismissed 37 NY3d [2021]). In any event, USA raised triable issues of fact through its submission of an affidavit by its principal.
We have considered Rutgers's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022